IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSEPH D. GILBERTI,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM HENRY (BILL) GATES III, ET AL.,<br><br>Defendants. | Cause No. CV-25-19-BLG-DWM<br><br>ORDER |

Plaintiff Joseph D. Gilberti, appearing pro se, filed a Motion for Leave to Proceed in Forma Pauperis and a proposed Complaint (Docs. 1 and 2.) The Complaint fails to state a claim for relief, is frivolous, and this Court has no personal jurisdiction over the defendants. The Complaint is dismissed and the motion to proceed in forma pauperis denied.

## I.   Background

Succinctly put, Gilberti is an engineer in the State of Florida who intends to provide a water supply to Florida, New York, and New Jersey from an underground supply he has on his property in Florida. He alleges that the dozens of defendants have conspired against him in various ways to prevent him from bringing his plan to fruition. The allegations include stories of kidnapping, the involvement of the CIA, foreign terrorism, and environmental destruction, and

1

span decades.

Gilberti is currently incarcerated.

## II.   Discussion

Gilberti is an inmate suing a governmental defendant, so the Court must review his Complaint under 28 U.S.C. §1915A. Section 1915A(b) requires the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

2

(quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P.

3

8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### a. Rule 8

Gilberti's Complaint violates Fed. R. Civ. P. 8 by "mix[ing] allegations of relevant facts, irrelevant facts, political argument, . . . legal argument," and "storytelling." *McHenry v. Renne*, 84 F.3d 1172, 1174-76 (9th Cir. 1996). He need only state what each defendant did, the approximate date of the occurrence, and how that action violated or caused a violation of a federal right. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Normally amendment would be appropriate for a complaint that violates Rule 8, but additional defects require the dismissal of Gilberti's.

### b. Personal Jurisdiction

Gilberti asserts jurisdiction in this Court under federal law, including 42 U.S.C. § 1983, and the Court's supplemental jurisdiction over state law claims found in 28 U.S.C. § 1367. To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) a violation of a right protected by the Constitution or created by federal statute (2) that was proximately caused by conduct (3) of a person (4)

acting under color of state law. *Crumpton v. Gates*, 947 F. 2d 1418, 1420 (9th Cir. 1991); *Plumeau v. Sch. Dist. #40 County of Yamhill*, 130 F. 3d 432, 438 (9th Cir. 1997).

However, Gilberti's pleading does not plausibly assert this Court's personal jurisdiction over any defendant, nor even state a claim against any defendant who can be found in Montana. Connections to Montana appear only in the caption, where the University of Montana, Montana State University, the Montana Department of Environmental Quality, and the Governor of Montana are the only colorable Montana state actors identified. But the content of the Complaint does not contain a single allegation that is vaguely related to any of the Montana defendants, or that bears any connection to the State of Montana. Gilberti has failed to state a claim against any of the Montana defendants.

Further, the Complaint explicitly states that venue is proper in Florida. (Doc. 2 at 4.) There are no facts to show why this Court would have jurisdiction over any of the named non-Montana defendants. The Ninth Circuit Court of Appeals has held that a court may exercise specific personal jurisdiction over a nonresident defendant under the following circumstances:

> (1) the nonresident defendant purposefully directs his activities at the forum or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiffs claim arises out of the forum-related activities of the nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is reasonable.

5

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of establishing the first two prongs of this test. *Id.* Failure to do so means no personal jurisdiction exists in the forum state. If the plaintiff satisfies the first two prongs, the burden shifts to the defendant to "present a compelling case" that jurisdiction would not be reasonable. *Id.*

There are no credible allegations to show why this Court would have jurisdiction over any of the defendants or any of the acts complained of. But even assuming Gilberti could adequately establish jurisdiction, the Court concludes his pleading is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as it is frivolous, and does not present plausible, legitimate, or viable grounds for relief.

c. **Frivolousness**

The court retains discretion in determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A pleading is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). See also, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are

"fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33 (citing *Neitzke*, 490 U.S. at 325, 327-8). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; see also, *In re Thomas*, 508 F. 3d 1225, 1227 (9th Cir. 2007) (holding a court may dismiss an IFP case "as frivolous before service of process when the complaint recites 'bare legal conclusions with no suggestion of supporting facts, or postulat[es] events and circumstances of a wholly fanciful kind'" (citations omitted)).

The basis for Gilberti's complaint is difficult to decipher, and his exhibits do not lend support to his claims, other to portray a complicated scenario related to the availability of water in Florida. Gilberti's allegations fall within the class of "clearly baseless" claims that a district court may dismiss as factually frivolous. See, *Denton*, 504 U.S. at 32-33; see also 28 U.S.C. §1915A(b)(1).

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). But here, there is no reason to believe the factual allegations could be remedied through amendment or more specific pleading because the claims are inherently frivolous. See, *Lopez v. Smith*, 203 F. 3d 1122, 1127 n. 8 (9th

Cir. 2000) (en banc). The complaint is dismissed.

Accordingly, it is HEREBY ORDERED:

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is denied.

2. This matter is dismissed as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2). The Clerk of Court is directed to close the case and enter judgment. Appeal would not be taken in good faith.

DATED this 6th day of March, 2025.

Donald W. Molloy, District Judge
United States District Court